Douglas C. Greene, Johnson, Vaughn & Heiskell, Fort Worth, TX, pro se.

Before GARWOOD, GARZA and BENAVIDES, Circuit Judges.

PER CURIAM: *

Before us is an appeal by an attorney of a sanction order issued by the district court under Rule 57.8(b) of the Local Criminal Rules for the Northern District of Texas. We have reviewed the record, and we find no abuse of discretion with respect to the $750 fine assessed.

Appellant failed to appear before the district court for the scheduled arraignment of Appellant's client. The record supports the district court's finding that both a fax and email transmission were sent to Greene's office as notification of the arraignment and that Appellant's office received those transmissions. Such notification by electronic transmission was a service that Appellant himself had selected. Under Local Criminal Rule 57.8(b), the district court judge was authorized to take disciplinary action for Appellant's failure to comply with the order to appear and for conduct unbecoming of a member of the bar.

We note that this is not the first occasion a district court has sanctioned Appellant for a tardy appearance or failure to appear. Indeed, this very appeal was originally dismissed for want of prosecution. In any event, our review is for abuse of discretion, *see U.S. v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir.2003); *Tollett v. City of Kemah*, 285 F.3d 357, 363 (5th Cir.2002), and Greene has shown none. Neither has he shown that the sanction amounts to a finding of criminal contempt.

The sanction is AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge SANCHEZ–CARRASCO, Defendant–Appellant.**

No. 03–50621.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided June 15, 2005.

---

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Charles A. Palmer, Austin, TX, for Defendant–Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the sentence of Jorge Sanchez–Carrasco ("Sanchez"). *United States v. Sanchez–Carrasco,* 115 Fed. Appx. 756 (5th Cir.2005)(per curiam). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *Sanchez–*

*Carrasco v. United States,* —— U.S. ——, 125 S.Ct. 1419, 161 L.Ed.2d 180 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker.*

Sanchez argues that the sentence imposed for his convictions of transporting a minor with intent to engage in prohibited sexual conduct, importing an alien for immoral purposes, and harboring an illegal alien were unlawful under *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). Sanchez concedes that he did not raise a constitutional challenge to his sentence in the district court. Accordingly, this court's review is for plain error only. *See United States v. Mares,* 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (U.S. Mar. 31, 2005) (No. 04–9517).

Under the plain-error standard of review, the defendant bears the burden of showing that (1) there is an error, (2) the error is plain, and (3) the error affects substantial rights. *See United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). If these conditions are satisfied, this court may exercise its discretion to correct the error only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* at 736–37, 113 S.Ct. 1770 (internal quotation marks and citation omitted).

To satisfy the third prong of the plain error test in light of *Booker,* a defendant is required to demonstrate "with a probability sufficient to undermine confidence in the outcome, that if the judge had sentenced him under an advisory sentencing regime rather than a mandatory one, he would have received a lesser sentence." *United States v. Infante,* 404 F.3d 376, 395

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(5th Cir.2005). Absent any indication in the record that the district court would have imposed a lower sentence, a defendant does not meet this burden. *See Mares,* 402 F.3d at 522.

Sanchez argues that he can show plain error because the district court refused to grant the Government's motion for an upward departure. He also contends that the district expressed doubt as to whether a lengthy sentence would be of value in rehabilitating him.

Sanchez has not pointed to anything in the record to indicate that the district court would have imposed a lower sentence under advisory Sentencing Guidelines. Accordingly, Sanchez has not met his burden of establishing that his substantial rights were affected under the third prong of the plain error test. *See Mares,* 402 F.3d at 522.

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.